IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

JASON M. DHEIN,

                Plaintiff,                OPINION AND ORDER

    v.

                                        21-cv-156-wmc

KILOLO KIJAKAZI, Acting Commissioner
For Social Security,

                Defendant.
───────────────────────────────────────────────

    Pursuant to 42 U.S.C. § 405(g), plaintiff Jason M. Dhein seeks judicial review of the Social Security Commissioner's final determination that he was not disabled. On appeal to this court, plaintiff maintains that the determining opinion of Administrative Law Judge ("ALJ") Christopher Messina was flawed in two, material respects: (1) by failing to confront evidence of increased symptoms due to his medication wearing off, including medical expert opinion testimony; and (2) failing to resolve a conflict in the vocational expert's testimony. Finding merit in Dhein's first challenge, the court will reverse the Commissioner's denial of benefits and remand for further proceedings consistent with this opinion.

BACKGROUND[1]

**A. Overview**

    Plaintiff Jason M. Dhein has at least a high school education, is able to communicate in English and has past relevant work experience as a police officer, which requires heavy

───
[1] The following facts are drawn from the administrative record, which can be found at dkt. #10.

exertional work, at least as actually performed by Dhein. Dhein has not engaged in substantial gainful activity since October 3, 2019, the same date as the alleged onset of disability. Dhein applied for social security disability benefits on November 5, 2019, with a last insured date of December 31, 2023.

With a birth date of May 22, 1975, Dhein was 44 years-old at his alleged disability onset, making him a "younger individual" under 20 C.F.R. § 404.1563. In his application, Dolan specifically claimed a permanent disability based on "young age onset Parkinsons Disease," specifically noting entire right arm and right hand tremor, trouble with balance at times, trouble swallowing and issues with memory recall. (AR 49.)

### B. ALJ Decision

ALJ Messina held a telephonic hearing on October 14, 2020, at which Dhein appeared both personally and by counsel. On October 27, 2020, the ALJ issued an opinion finding that Dhein had not been under a disability within the meaning of the Social Security Act from his onset date of October 3, 2019, through the date of the opinion. Initially, the ALJ agreed that Dhein's Parkinson's disease constituted a severe impairment. (AR 16.) The ALJ next determined that Dhein's impairments did not meet or medically equal the severity of the listing for Parkinson's Disease, Listing 11.06, a finding that plaintiff does not challenge on appeal.

Material to this appeal, the ALJ went on to find that Dhein had the residual functional capacity ("RFC") to perform light work, with the following additional exertional restrictions: "no work with foot controls"; "must not climb ladders, ropes, or scaffolds"; "can occasionally climb ramps or stairs"; "can frequently handle with the right arm"; and

"must avoid exposure to workplace hazards." (AR 16.) The ALJ also included a nonexertional limitation to "no more than simple instructions." (*Id.*) The ALJ also described the standard for evaluating plaintiff's symptoms and the intensity, persistence, and limiting effects of those symptoms, appropriately citing SSR 16-13p. After setting forth that standard, the ALJ recounted plaintiff's claims that his Parkinson's disease "affects his ability to lift, squat, bend, stand, reach, walk, sit, climb stairs, remember, complete tasks, concentrate, and use his hands." (AR 17.) He also noted Dhein's reports of right arm tremors when his medication would wear off, although the ALJ described different timing of the tremors' onset -- at one point stating that this occurred 2 hours after a dose and elsewhere stating that it occurred after 3 to 3½ hours after taking medication. (*Id.*) Finally, the ALJ noted Dhein's testimony that he had difficulty standing and sitting for long periods of time, trouble buttoning clothing and tying shoelaces, difficulty sleeping, and while able to complete household tasks, it took him longer to do so. In reviewing Dhein's medical records, the ALJ also found confirmation of "tremors in his upper extremities, right greater than left," "trace right arm rigidity," and "a little bit of cog wheeling rigidity on the left elbow." (AR 17.)

Based on the medical records and Dhein's testimony, the ALJ concluded that he should be limited to light work, with the additional exertional restrictions described above. In order to accommodate the impact on understanding, carrying out and remembering caused by Parkinson's disease, the ALJ also limited him to no more than simple instructions. However, the ALJ discounted Dhein's description of his physical limitations, relying on: (1) his physical condition during a consultative examination; (2) doctor's notes

consistently describing him as having a normal gait, "ability to take steps on toes and health without loss of balance," and "normal bilateral arm swing"; (3) doctor's notes describing him as alert and oriented and with appropriate affect; and (4) his ability to complete basic activities of daily living, including cleaning, doing laundry, camping and attending to his own personal care, as well as his role as a den leader in Cub Scouts. Relevant to this appeal, the ALJ further discounted Dhein's testimony based on provider notes that "the claimant's medication provided adequate symptom control overall, but the claimant had some wearing off between doses." (AR 18.)

Moreover, the ALJ expressly found the opinions of the two, state agency medical consultants partially persuasive, but specifically rejected their opinions that Dhein could perform medium exertional level work; instead, the ALJ found that Dhein's tremor and rigidity in the right upper extremity warranted light work with additional exertional restrictions, while otherwise purporting to adopt their opinions. As for Dhein's two, treating physicians, Teresa Margin, M.D., and Timothy Wogahn, M.D., the ALJ rejected their opinions from October 2019 that Dhein could not work in any capacity, explaining in conclusory fashion that their respective reports: (1) primarily concerned his ability to perform his past work as a police officer; (2) were "not supported with reference to objective criteria"; (3) were "not consistent with the overall record"; and (4) were "not consistent with the consultative examination report of Neil Johnson, M.D." (AR 19.) As for Dr. Johnson's report itself, the ALJ found his opinion "somewhat persuasive," criticizing his "fail[ure] to provide a function-by-function analysis," but crediting his findings that

4

Dhein had a normal gait, the ability to take steps on toes and heels without loss of balance, and "no right upper extremity tremor" as consistent with the overall record. (AR 20.)

With the assistance of the vocational expert ("VE"), therefore, the ALJ agreed that Dhein could not perform his past relevant work, since his performance of the police officer job required heavy exertion, but concluded that there were jobs he could perform that exist in significant numbers in the national economy, including housekeeper (DOT 323.687-014), office helper (DOT 239.567-010), and inspector (DOT 559.687-074). (AR 21.)

OPINION

The standard by which a federal court reviews a final decision by the Commissioner of Social Security is now well-settled in this circuit. Specifically, findings of fact are "conclusive," so long as they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Provided the Commissioner's findings under § 405(g) are supported by such "substantial evidence," this court also cannot reconsider facts, re-weigh the evidence, decide questions of credibility, or otherwise substitute its own judgment for that of the ALJ. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). Similarly, where conflicting evidence allows reasonable minds to reach different conclusions about a claimant's disability, the responsibility for the decision falls on the Commissioner. *Edwards v. Sullivan*, 985 F.2d 334, 336 (7th Cir. 1993).

At the same time, the court must conduct a "critical review of the evidence," *id.*, and insure the ALJ has provided "a logical bridge" between findings of fact and conclusions

of law.  *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018).  Thus, the court turns to plaintiff's two, principal challenges on appeal under this deferential standard.

## I. Medication Effectiveness

As described above, Dhein takes medication to control his Parkinson's disease symptoms every 3.5 to 4 hours, but these medications wear off after roughly 3 hours, leaving a period of time when his symptoms are not controlled.  While the ALJ acknowledged this, nowhere in his crafting of the RFC does he address this limitation, nor does he explain in his opinion how or why the RFC as formulated accommodates symptoms occurring roughly every 3 to 4 hours for periods of half hour or an hour at a time.  The Commissioner argues on appeal that the ALJ both credited this evidence *and* accommodated it by limiting him to a reduced range of light work, but his opinion does *not* offer this explanation or otherwise provide a logical bridge to this conclusion.  Instead, the ALJ simply noted that tremors and rigidity would return when his medication wore off.  Specifically, the court is troubled by the ALJ's failure to explain how Dhein would be able to complete work that requires "frequent handling" with his right arm during these periods, much less explain why the RFC does not contain an express limitation for tremors in Dhein's right hand at least twice during an eight-hour work day for a 30 minute to one hour period of time.

The Commissioner similarly argues that the medical evidence does not support a finding that his impairment during these periods would impact his ability to engage in competitive work.  However, both of his treating physicians, Drs. Margin and Wogahn, *and* the consultative examining physician, Dr. Johnson, opined that his symptoms would

be significant at these times. In particular, contrary to the Commissioner's representation in her brief, Dr. Johnson *did* state that Dhein's "severe tremoring, severe cramping, and poor balance" when his medication wears off is "quite a severe problem." (AR 264.) Regardless, the court is unable to speculate along with the Commissioner as to what the ALJ was or was not thinking as to the importance of this limitation. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon.") (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943)).

On this record, therefore, the court agrees with plaintiff that the ALJ failed to build a "logical bridge" between the RFC and the evidence demonstrating that Dhein suffers from severe symptoms when his medication wears off. On remand, the ALJ must explain why Dhein is able to perform light work with additional exertional restrictions during periods of the workday when his symptoms are not managed by medication.

## II. Internal Conflict

Finding merit with plaintiff's first challenge, the court need not address plaintiff's second challenge concerning an internal conflict in the VE's testimony, other than to note that plaintiff's reliance on the Occupation Outlook Handbook in an attempt to create a conflict between the DOT and the VE testimony has already been rejected by this court in *Straight v. Saul*, No. 20-cv-346-jdp, 2021 WL 960633, at *4 (W.D. Wis. Mar. 15, 2021).

ORDER

IT IS ORDERED that:

1) The decision of defendant Kilolo Kijakazi, Acting Commissioner of Social Security, denying plaintiff Jason M. Dhein's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

2) The hearing scheduled for December 17, 2021, is CANCELED.

3) The clerk of court is directed to enter judgment in plaintiff's favor and close this case.

Entered this 15th day of December, 2021.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge